**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4396
_____

NA ZHAO,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-433-717)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2010
Before: RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: July 7, 2010)
_____

OPINION
_____

PER CURIAM

Na Zhao, a citizen of China, petitions for review of a Board of Immigration

Appeals ("BIA") order denying her motion to reopen. For the reasons that follow, we

will deny the petition for review.

I

Zhao entered the United States in 2002 and sought asylum and related relief. She alleged that she faced persecution in China for her membership in an unregistered Christian church. In support of her request for relief, she alleged that she was beaten by police for her religious practices and that she narrowly escaped arrest during a police raid on an underground church meeting at which several church-goers were taken into custody. In June 2002, the Immigration Judge ("IJ") denied relief, and the BIA dismissed her subsequent appeal.

In November 2008, Zhao filed with the BIA a motion to reopen. The BIA denied the motion as untimely, holding that Zhao failed to demonstrate that changed conditions in China met the standard for exempting her from the time limitations applicable to motions to reopen. Zhao filed a petition for review. We granted her unopposed motion to remand the proceedings so the BIA could consider additional evidence of changed circumstances. See Na Zhao v. Att'y Gen., C.A. No 09-1001 (order entered July 21, 2009).

On remand, the BIA considered the Department of State's International Religious Freedom Report for China for 2007 and 2008, the Country Reports on Human Rights Practices for 2007, the 2007 Annual Report from the Congressional-Executive Commission on China, and three articles describing police raids on unregistered churches. Zhao also submitted a letter from her sister, who lives in China, in which her sister

alleged that she was arrested and detained for seven days for participating in an underground church. The BIA concluded that Zhao failed to demonstrate a change in country conditions that would materially affect her eligibility for asylum. Zhao then filed a petition for review.

## II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reopen for abuse of discretion. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). Under that standard, we will not reverse the Board's decision unless "it is arbitrary, irrational, or contrary to law." Id. (quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002)).

A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." INA § 240(c)(7)(C)(i) [8 U.S.C. § 1229a(c)(7)(C)(i)]. However, the 90-day time limitation does not apply to a motion to reopen if that motion is based on "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 240(c)(7)(C)(ii). Although a motion to reopen need rest only on *prima facie* eligibility for asylum, this requires "the applicant to produce objective evidence showing a 'reasonable likelihood' that he can establish [that he is entitled to relief]." Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004) (quoting Sevoian, 290 F.3d at 175). Moreover, cumulative evidence demonstrating that conditions asserted

in an alien's original asylum application persist is not evidence of changed circumstances for purposes of § 240(c)(7)(C)(ii). See Zhao v. Gonzales, 440 F.3d 405, 407 (7th Cir. 2005).

In denying Zhao's motion to reopen, the BIA reasoned that the evidence submitted on remand showed that there was no material change in China's stance toward unregistered Christian churches. Rather, the Board concluded, the country reports and other documentation demonstrated that the conditions Zhao complained of in her asylum application persisted. Zhao challenges the BIA's analysis on several grounds, only two of which merit discussion.

First, Zhao argues that the BIA committed a procedural error because it did not expressly consider portions of the Congressional-Executive Report and the International Religious Freedom Report that note an increase in the persecution of unregistered churches, particularly leading up to the 2008 Olympic Games in Beijing. Although the BIA did not specifically mention these portions of the reports, we do not think the Board abused its discretion. The BIA must consider the evidence presented to it, but it need not expressly parse each piece of evidence submitted in its opinion. See Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (citing Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). Here, the BIA expressly identified the evidence Zhao presented, and cited several of the country reports to support its conclusion that no fundamental change in conditions occurred in China.

Next, Zhao contends that the BIA erred in concluding that she failed to demonstrate changed conditions in Fujian Province. Zhao relies on "personal evidence" she submitted – specifically, a statement in her affidavit that several house church attendees were arrested and abused in 2008, the letter from her sister regarding the sister's arrest, and letters from an acquaintance and an unregistered church in her hometown stating that the government has recently increased its suppression of underground churches. However, the fact that members of unregistered churches have been detained does not demonstrate changed circumstances: Zhao cited her narrow escape from a similar raid in support of her original asylum application. Although the letters from her acquaintance and church support an argument that problems have increased, they do not hold any greater weight than the country reports, which state that conditions in China remain poor, but exclude Fujian Province from the list of significantly affected areas. Thus, she has not shown that the BIA's decision was "arbitrary, irrational, or contrary to law."

Because we agree with the BIA that Zhao failed to demonstrate changed circumstances to warrant reopening her proceedings, we need not consider her other arguments regarding the BIA's analysis. Accordingly, we will deny the petition for review.